# EXHIBIT 1

## Case Information

CC-21-03875-A | ANDREA NICOLE SLEDGE vs.SERVICE KING PAINT & BODY LLC

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CC-21-03875-A | County Court at Law No. 1 | BENSON, D'METRIA |
| File Date | Case Type | Case Status |
| 09/13/2021 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
SLEDGE, ANDREA NICOLE

Address
c/o Bailey & Galyen
2777 N. Stemmons Fwy, Suite 1150
Dallas TX 75207

Active Attorneys ▾
Lead Attorney
THOMPSON, BRITTNEY
Retained

DEFENDANT
SERVICE KING PAINT & BODY LLC

Address
SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
MARTINSON, GAVIN S.
Retained

## Events and Hearings

09/13/2021 NEW CASE FILED (OCA)

09/13/2021 ORIGINAL PETITION ▴

09/13/2021 JURY TRIAL DEMAND

09/13/2021 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 57176046

09/13/2021 CITATION (SERVICE)▾

**Unserved**

Anticipated Server
**ATTORNEY**

Anticipated Method

09/24/2021 RETURN OF SERVICE ▾

RETURN OF SERVICE - SERVICE KING PAINT AND BODY

Comment
SERVICE KING PAINT AND BODY

10/15/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF S ORIGINAL PETITION

## Financial

SLEDGE, ANDREA NICOLE

| | Total Financial Assessment | | | $321.00 |
|---|---|---|---|---|
| | Total Payments and Credits | | | $321.00 |
| 9/13/2021 | Transaction Assessment | | | $321.00 |
| 9/13/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-09479 | SLEDGE, ANDREA NICOLE | ($321.00) |

# Documents

Original Petition (State).pdf

ISSUE CITATION

RETURN OF SERVICE - SERVICE KING PAINT AND BODY

DEFENDANT S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF S ORIGINAL PETITION

# EXHIBIT 2

**CT Corporation**

**Service of Process Transmittal**
09/23/2021
CT Log Number 540295957

TO: Tom Burton
Service King Collision Repair Centers
808 S CENTRAL EXPY
RICHARDSON, TX 75080-7413

RE: **Process Served in Texas**

FOR: SERVICE KING PAINT & BODY, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANDREA NICOLE SLEDGE // To: SERVICE KING PAINT & BODY, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CC2103875A |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2021 at 02:21 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/23/2021, Expected Purge Date: 09/28/2021 |
| | Image SOP |
| | Email Notification,  Tom Burton  Tom.Burton@serviceking.com |
| | Email Notification,  Melissa Shrewsbury  melissa.shrewsbury@serviceking.com |
| | Email Notification,  Donna Jarrell  donna.jarrell@serviceking.com |
| | Email Notification,  Rhonda Green  rhonda.green@serviceking.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

CT Corporation

**Service of Process Transmittal**
09/23/2021
CT Log Number 540295957

TO:    Tom Burton
       Service King Collision Repair Centers
       808 S CENTRAL EXPY
       RICHARDSON, TX 75080-7413

RE:    **Process Served in Texas**

FOR:   SERVICE KING PAINT & BODY, LLC  (Domestic State: TX)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, Sep 23, 2021

**Server Name:**             Tracy Edwards

| Entity Served | SERVICE KING PAINT & BODY, LLC |
|---|---|
| Case Number | CC-21-03875-A |
| Jurisdiction | TX |



*Ze PSC1872 9-23-21*

# THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-21-03875-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

    SERVICE KING PAINT & BODY LLC
    SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEMS
    1999 BRYAN ST SUITE 900
    DALLAS TX 75201

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

ANDREA NICOLE SLEDGE
*Plaintiff(s)*

VS.

SERVICE KING PAINT & BODY LLC
*Defendant(s)*

filed in said Court on the 13th day of September, 2021, a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of September, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
   Guisla Hernandez



---

| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-21-03875-A** |
| |
| IN THE COUNTY COURT OF DALLAS |
| County Court at Law No. 1 |
| Dallas County, Texas |
| |
| ANDREA NICOLE SLEDGE, |
| *Plaintiff(s)* |
| |
| VS. |
| |
| SERVICE KING PAINT & BODY LLC, |
| *Defendant(s)* |

**SERVE:**
SERVICE KING PAINT & BODY LLC
SERVE ITS REGISTERED AGENT:
CT CORPORATION SYSTEMS
1999 BRYAN ST SUITE 900
DALLAS TX 75201

ISSUED THIS
13TH DAY OF SEPTEMBER, 2021

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

BRITTNEY THOMPSON
BAILEY & GALYEN
1300 SUMMIT AVENUE
SUITE 650
FORT WORTH TX 76102
817-359-7056

**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

## OFFICER'S RETURN

CC-21-03875-A   County Court at Law No. 1

ANDREA NICOLE SLEDGE vs. SERVICE KING PAINT & BODY LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEMS
1999 BRYAN ST SUITE 900
DALLAS TX 75201
**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to SERVICE KING PAINT & BODY LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____      _____, Officer

Total    $_____                              _____, County, Texas

By:_____, Deputy

_____, Affiant

FILED
9/13/2021 8:38 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. <u>CC-21-03875-A</u>

| | | |
|---|---|---|
| ANDREA NICOLE SLEDGE, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | AT LAW NO. ____ |
| | § | |
| SERVICE KING PAINT & BODY LLC | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Andrea Nicole Sledge ("Plaintiff") files this Original Petition against Service King Paint & Body LLC ("Defendant).

### II.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### III.

### PARTIES

2.      Plaintiff is an individual and a citizen of Dallas County, Texas. The last three numbers of her social security number are 989 and the last three numbers of her Texas driver's license are 980

3.      Defendant is a limited liability corporation organized under the laws of the state of Texas with its principal place of business located at 808 South Central Expressway, Richardson, Texas 75080. Defendant may be served with process, including citation and a copy

---

Plaintiff's Original Petition                                                                                         Page 1

of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation Systems at 1999 Bryan St, Suite 900, Dallas, Texas 75201-3136.

## IV.

## JURISDICTION

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

6.      Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## BACKGROUND FACTS

7.      Plaintiff worked for Defendant from on October 2017 until she was wrongfully terminated on or about November 3, 2019.

8.      Plaintiff suffered a retinal detachment that required surgery in July of 2019.  After the surgery, Plaintiff continued to have difficulty with her vision.   Because Plaintiff still had difficulty with her vision, she was unable to drive herself to work and had to rely on others for transportation. This caused her to occasionally be late for work. Each time Plaintiff was running late, she advised her supervisor, Susan Chase.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

9.      On August 22, 2019, Plaintiff arrived late to work due to the loss of her peripheral vision in her left eye. Plaintiff advised Ms. Chase of the situation. That same day, Plaintiff was called in to the office with Heather Honeycutt (Human Resources), Kathy Kraay (VP of Finance), and Ms. Chase and presented with a write up. Plaintiff was unable to read the write up due to her vision, so Ms. Honeycutt read it to her. They told Plaintiff that the write up had nothing to do with her being late that day, to which Plaintiff responded that they did need to speak about that day. Plaintiff told them that she had worked all day with no vision in her left eye and pain. Plaintiff expressed her concerns that she was putting the team's needs above her own. Ms. Honeycutt told Plaintiff, "Service King is not for everyone, and a very hard place to work." Plaintiff signed the write up to avoid termination because she could not risk losing her medical benefits.

10.     Plaintiff was out of work on FMLA for parts of September 2019 because she began having trouble with her right eye. Plaintiff returned to work on October 7, 2019 but was unable to work a full day due to the light sensitivity. Plaintiff asked Ms. Chase if she could work from home where she could control the lighting and Ms. Chase advised her that she would need a special accommodation to do so. As a Senior Tax Analyst, Plaintiff could complete all of her job duties from home without any adjustments to her job duties and without placing undue burden on other employees. This is evidenced by the fact that Defendant's employees were able to work from home during the COVID-19 pandemic. Plaintiff was able to complete her job from home No one from HR was available so Ms. Chase allowed Plaintiff to leave and work the rest of that day and the next day from home.

11.     When Plaintiff arrived to work on October 9, 2019, her computer had been moved to another office. The lights did not dim in that office so Plaintiff had to work in the dark until

she was given a table lamp later in the day. This caused her to have swelling in her eyes and face and she had to miss work the next day.

12.     Plaintiff made many attempts to arrange transportation services. In October 2019, she submitted paperwork to DART for its curb-to-curb transportation service for people with disabilities. Plaintiff told Ms. Chase about this and explained that the approval process can take up to six weeks. Plaintiff also contacted a ride share and scheduled a ride to work on November 3, 2019. Unfortunately, Plaintiff was quoted an inaccurate pick up time and the service was cancelled due to lack of interest in Plaintiff's area.  Plaintiff was unable to get to work on November 3, 2019 and advised Ms. Chase of what had happened with the ride share. Plaintiff told Ms. Chase that she had made arrangements for her mother to take her to work every day going forward.

13.     On the evening of November 3, 2019, Plaintiff received a call from Ms. Honeycutt and Ms. Kraay advising her that, due to her inability to get to work that day, she was being terminated. Plaintiff again explained that she is unable to see to drive herself but could complete her job from home.  Ms. Honeycutt told her she has to be there if she is not sick, regardless of the transportation issues.

## VII.

## CONDITIONS PRECEDENT

14.     Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

15.     More than 180 days have passed since the Charge was filed and no action has been taken.

16.     Plaintiff was issued a Right to Sue on her Charge.

## VIII.

## CAUSES OF ACTION

**A.     Cause of Action—Disability Discrimination—Failure to Accommodate—ADA**

17.     Plaintiff incorporates each of the foregoing paragraphs.

18.     Plaintiff requested a reasonable medical accommodation.

19.     Defendant refused to provide Plaintiff with a reasonable medical accommodation.

20.     Defendant discriminated against Plaintiff because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

21.     Defendant's actions violated 42 U.S.C. § 12112.

**B.     Cause of Action—Discrimination—ADA**

22.     Plaintiff incorporates each of the foregoing paragraphs.

23.     Defendant discriminated against Plaintiff because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled

24.     Defendant's actions violated 42 U.S.C. § 12112.

**C.     Cause of Action—Wrongful Termination—Discrimination—ADA**

25.     Plaintiff incorporates each of the foregoing paragraphs.

26.     Defendant terminated Plaintiff's employment because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

27.     Defendant's actions violated 42 U.S.C. § 12112.

## IX.

## DAMAGES

28.     Defendant's actions violated 42 U.S.C. § 12112 and 42 U.S.C. § 12203, which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

29.     Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

30.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

31.     Plaintiff seeks all damages available to her under federal law.

## X.

## ATTORNEYS' FEES AND COSTS

32.     Plaintiff incorporates each of the foregoing paragraphs.

33.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

34.     Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

35.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

36.     Plaintiff incorporates each of the foregoing paragraphs.

37.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.    Prohibiting Defendant from engaging in unlawful discrimination;

    b.    Reinstating Plaintiff's employment with Defendant with backpay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.    Any additional equitable relief as the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

38.     Plaintiff incorporates each of the foregoing paragraphs.

39.     Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

## PRESERVATION OF EVIDENCE

40.     The Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded..

XIV.

## NOTICE PURSUANT TO RULE 193.7

41.    Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

XV.

## JURY DEMAND

42.    Plaintiff demands a trial by jury.

XVI.

## PRAYER

43.    Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

   A.    Back pay and front pay (including benefits);

   B.    Compensatory damages;

   C.    Punitive damages;

   D.    Reasonable attorneys' fees and expert fees;

   E.    Injunctive and declaratory relief, including but not limited to, an Order:

      a.    Prohibiting Defendant from engaging in unlawful discrimination;

      b.    Reinstating Plaintiff's employment with Defendant with backpay;

      c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.    Paying court costs;

     e.    A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

     f.    Any additional equitable relief the Court deems proper;

F.    Courts costs;

G.    Pre-judgment and post-judgment interest at the rate set by law; and

H.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
2777 N Stemmons Fwy, Suite 1150
Dallas, TX 75207
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 450-2020-03450 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. ANDREA N SLEDGE | ████████ | |

| Street Address | City, State and ZIP Code |
|---|---|
| ███████████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SERVICE KING | 15 - 100 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2375 N GLENVILLE, BLDG A SUITE 500,  RICHARDSON,  TX 75082 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11-03-2019 | 11-03-2019 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM:**

On November 3, 2019, I was terminated.

**RESPONDENTS REASON FOR ADVERSE ACTION:**

I was informed that I was being terminated due to my inability to get to work.

**DISCRIMINATION STATEMENT:**

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| <br>Digitally signed by Andrea Sledge on 05-19-2020 06:04 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Brittney Thompson on behalf of Brittney Thompson
Bar No. 24104618
bthompson@galyen.com
Envelope ID: 57167093
Status as of 9/13/2021 9:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jamie Gilmore | 24045262 | jgilmore@galyen.com | 9/13/2021 8:38:49 AM | SENT |
| Tiffany Sims | | tsims@galyen.com | 9/13/2021 8:38:49 AM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 9/13/2021 8:38:49 AM | SENT |
| Brittney Thompson | 24104618 | bthompson@galyen.com | 9/13/2021 8:38:49 AM | SENT |

# EXHIBIT 3

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-03875-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**SERVICE KING PAINT & BODY LLC**
**SERVE ITS REGISTERED AGENT:  CT CORPORATION SYSTEMS**
**1999 BRYAN ST SUITE 900**
**DALLAS TX  75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ANDREA NICOLE SLEDGE**
*Plaintiff(s)*

**VS.**

**SERVICE KING PAINT & BODY LLC**
*Defendant(s)*

filed in said Court on the 13th day of September, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of September, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ Deputy
Guisla Hernandez



---

| **ATTORNEY** |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-21-03875-A** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

ANDREA NICOLE SLEDGE,
*Plaintiff(s)*

**VS.**

SERVICE KING PAINT & BODY LLC,
*Defendant(s)*

**SERVE:**
**SERVICE KING PAINT & BODY LLC**
**SERVE ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEMS**
**1999 BRYAN ST SUITE 900**
**DALLAS TX  75201**

**ISSUED THIS**
**13TH DAY OF SEPTEMBER, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff
**BRITTNEY THOMPSON**
**BAILEY & GALYEN**
**1300 SUMMIT AVENUE**
**SUITE 650**
**FORT WORTH TX  76102**
**817-359-7056**

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-03875-A   County Court at Law No. 1

ANDREA NICOLE SLEDGE vs.  SERVICE KING PAINT & BODY LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT:  CT CORPORATION SYSTEMS
1999 BRYAN ST SUITE 900
DALLAS TX  75201
**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to SERVICE KING PAINT & BODY LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____      _____, Officer

Total   $_____      _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT 4

FILED
9/24/2021 12:20 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**CAUSE NO. <u>CC-21-03875—A</u>**

| | | |
|---|---|---|
| ANDREA NICOLE SLEDGE | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| SERVICE KING PAINT & BODY, LLC | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| **Defendant(s).** | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Thursday, September 23, 2021 at 9:20 AM,**
Executed at: **1999 BRYAN STREET, STE 900, DALLAS, TX 75201**
within the county of **DALLAS** at 9:28 AM, on **Thursday, September 23, 2021,**
by delivering to the within named:

### SERVICE KING PAINT & BODY, LLC

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By personally delivering to **Authorized Agent, KIRK ATKINS**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION with CHARGE OF DISCRIMINATION

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Thursday, September 23, 2021

By: _____

**Tracy Edwards - PSC 1872 - Exp 03/31/22**
served@specialdelivery.com

# THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-21-03875-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**SERVICE KING PAINT & BODY LLC**
**SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEMS**
**1999 BRYAN ST SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ANDREA NICOLE SLEDGE**
*Plaintiff(s)*

**VS.**

**SERVICE KING PAINT & BODY LLC**
*Defendant(s)*

filed in said Court on the 13th day of September, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of September, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez



| ATTORNEY |
|---|
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-21-03875-A** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
**Dallas County, Texas**

ANDREA NICOLE SLEDGE,
*Plaintiff(s)*

**VS.**

SERVICE KING PAINT & BODY LLC,
*Defendant(s)*

**SERVE:**
**SERVICE KING PAINT & BODY LLC**
**SERVE ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEMS**
**1999 BRYAN ST SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**13TH DAY OF SEPTEMBER, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff
**BRITTNEY THOMPSON**
**BAILEY & GALYEN**
**1300 SUMMIT AVENUE**
**SUITE 650**
**FORT WORTH TX 76102**
**817-359-7056**

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-03875-A   County Court at Law No. 1

ANDREA NICOLE SLEDGE vs. SERVICE KING PAINT & BODY LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEMS
1999 BRYAN ST SUITE 900
DALLAS TX 75201
**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to SERVICE KING PAINT & BODY LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy      $ _____ , Officer

Total     $ _____      _____ , County, Texas

By: _____ , Deputy

_____ , Affiant

RETURN / AFFIDAVIT
PROOF / ATTACHED

RETURN / AFFIDAVIT
PROOF / ATTACHED

# EXHIBIT 5

FILED
10/15/2021 11:48 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:21-cv-02552-X   Document 1-2   Filed 10/18/21   Page 30 of 35   PageID 35

## CAUSE NO. CC-21-03875-A

| | | |
|---|---|---|
| **ANDREA NICOLE SLEDGE** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 1** |
| | § | |
| **SERVICE KING PAINT & BODY LLC** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES
## TO PLAINTIFF'S ORIGINAL PETITION

Defendant SERVICE KING PAINT & BODY, LLC ("Defendant") files this Original Answer and Defenses to the Original Petition filed by Plaintiff ANDREA NICOLE SLEDGE ("Plaintiff"), as follows:

### I.   GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, and demands strict proof thereof. With respect to any claim by Plaintiff for punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

### II.   DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses, including affirmative defenses, as follows:

1.      Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

---

2.      Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

3.      Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

4.      Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5.      All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

6.      Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

7.      Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

8.      Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in

violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

9.      With respect to some or all of Plaintiff's claims, the Petition fails to state a claim upon which relief may be granted.

10.     At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

12.     Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC.

13.     As a result of Plaintiff's unreasonable delay in asserting Plaintiff's rights, Defendant has suffered a good faith change of position to Defendant's detriment. Therefore, whatever right Plaintiff might otherwise have had to bring a timely action against Defendant is barred by laches.

14.     Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA) or the Texas Labor Code during the relevant time period.

15.     Plaintiff's Petition fails to state a cause of action upon which relief may be granted because Plaintiff failed to notify Defendant of the existence of a disability as that term is defined in the ADA or Texas Labor Code.

16.     If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

17.     Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

18.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

19.     Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

## III.     PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice and that Defendant be awarded Defendant's costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

*/s/ Gavin S. Martinson*
Gavin S. Martinson
Texas Bar No. 24060231
gavin.martinson@ogletreedeakins.com
Matthew P. Gizzo
Texas Bar No. 24117188
matthew.gizzo@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I certify that a true copy of this paper has been forwarded by a method prescribed by the Texas Rules of Civil Procedure, on this 15th day of October, 2021 to:

Jamie J. Gilmore
BAILEY & GALYEN
2777 N. Stemmons Fwy, Suite 1150
Dallas, TX 75207
jgilmore@galyen.com


*/s/ Gavin S. Martinson*
Gavin S. Martinson

48895670.1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gavin Martinson on behalf of Gavin Martinson
Bar No. 24060231
gavin.martinson@ogletreedeakins.com
Envelope ID: 58227737
Status as of 10/18/2021 11:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Jamie Gilmore | 24045262 | jgilmore@galyen.com | 10/15/2021 11:48:45 AM | SENT |
| Brittney Thompson | 24104618 | bthompson@galyen.com | 10/15/2021 11:48:45 AM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 10/15/2021 11:48:45 AM | SENT |
| Tiffany Sims | | tsims@galyen.com | 10/15/2021 11:48:45 AM | SENT |
| Matthew Gizzo | 24117188 | matthew.gizzo@ogletree.com | 10/15/2021 11:48:45 AM | SENT |